FILED
CLERK, U.S. DISTRICT COURT
FEB 6 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RAMIREZ ABAD as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASTE CONNECTIONS, INC.; WASTE CONNECTIONS OF CALIFORNIA, INC.; WASTE CONNECTIONS MANAGEMENT SERVICES, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:12-cv-06708-DDP (PJWx)<br><br>**ORDER REGARDING STIPULATION FOR PROTECTIVE ORDER**<br><br><br><br>ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL. |

ORDER RE: STIPULATION FOR PROTECTIVE ORDER

Case No. 12-cv-06708-DDP-PJW

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

Pursuant to the parties' Stipulation, IT IS HEREBY ORDERED as follows:

Plaintiff Julian Ramirez Abad ("Plaintiff") and Defendants Waste Connections, Inc., Waste Connections of California, Inc., and Waste Connections Management Services, Inc. ("Defendants"), by and through their respective counsel of record, hereby enter into the following stipulation with reference to the following facts:

### STIPULATION FOR PROTECTIVE ORDER

The parties hereby agree to the following:

### Scope

1. This protective order shall govern all documents and information produced or disclosed in this Action by either party (the "Designating Party") to the other party ("the Receiving Party") that are designated as "Confidential Information" or "Attorneys Eyes Only Material."

### Good Cause Statement

2. Plaintiff's allegations, including his claims for unpaid overtime on incentive pay, expense reimbursement, and violations of meal period provisions, may require disclosure of private information regarding current and/or former employees, including information about their pay, their performance and disciplinary actions and/or their private contact information.

3. Defendants also expect that Plaintiff may request and they may need to produce trade secret and/or confidential business information related to Defendants' business and ability to compete that would likely cause significant harm to Defendants if it is made available or accessible publicly and/or to Defendants' competitors.

4. For the reasons set forth above, good cause exists for a protective order that will allow the parties to produce documents and information that they consider confidential, private, sensitive and/or trade secret while taking appropriate steps to protect the confidential, private, sensitive and/or trade secret nature of the documents and information.
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER       1.       Case No. 12-cv-06708-DDP-PJW

**Confidential Information**

5. "Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation.

6. "Attorneys Eyes Only Material" means any information contained in a document that is stamped with an "Attorneys Eyes Only" designation.

7. Confidential Information and Attorneys Eyes Only Material may include, but is not limited to:

(a) Personal data and information, in any form, regarding individual employees, or former employees, of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' names and contact information, wage information and job performance-related documentation.

(b) Proprietary, confidential or sensitive business information or data, or information that otherwise is protected as a trade secret, or information whose unlimited disclosure is believed in good faith to pose a risk of damage to a party's competitive position in its business or that could cause financial harm to any of the Defendants if disseminated to the public or competitors;

(c) Personnel information relating to current or former employees of any of the Defendants that is of a generally understood personal and confidential nature, such as physical and electronic mail addresses, telephone numbers, Social Security numbers, tax returns, medical information and all protected health information, health benefits and insurance elections, non-opt in individuals and/or non-parties' compensation amounts, financial or medical documents, arrests or criminal convictions, or credit history, and corrective and disciplinary counseling issued to non-parties;

(d) Business, personnel, marketing, pricing, production, technical, operational, financial, proprietary, or other information or data, in any form, that has

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER         2.         Case No. 12-cv-06708-DDP-PJW

been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or its/their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

    (e)   Information of any of the Defendants that have been treated as "Confidential Information" by any of the Defendants, including the manner in which Defendants, or any of them, conducted its/their business operations, trade secrets, and financial information not available to the general public, and the collection of sensitive and private customer information that is not made known to the general public.

    8.   Stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the Designating Party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material.

### Restrictions On Disclosure of Confidential Information and Attorneys Eyes Only Material

    9.   Subject to paragraph 11, and excepting the Court and any Court personnel, Confidential Information produced under this protective order shall not be disclosed by any person who has received such Confidential Information through this action to any other person except to:

    (a)   Attorneys of record for the parties and their respective associates, paralegals, clerks and employees involved in the conduct of this litigation, and Defendants' in-house attorneys and attorneys employed by their corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER     3.     Case No. 12-cv-06708-DDP-PJW

(b) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

(c) Stenographic employees, court reporters and videographers recording or transcribing testimony in this action;

(d) Any mediators used to try to resolve the action;

(e) Current or former employees of any of the Defendants or its/their parent or affiliated companies who may serve as witnesses, but only insofar as such Confidential Information is relevant to their testimony and disclosure is not otherwise prohibited by applicable law;

(f) Plaintiff Julian Ramirez Abad and any other representative plaintiff that may be added to the litigation;

(g) Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action; and

(h) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

10. Subject to paragraph 11, and excepting the Court and any Court personnel, Attorneys Eyes Only Material produced under this protective order shall not be disclosed by any person who has received such Attorneys Eyes Only Material through this action to any other person except to:

(a) Attorneys of record for the parties and their respective associates, paralegals, clerks and employees involved in the conduct of this litigation, and Defendants' in-house attorneys and attorneys employed by their corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER        4.        Case No. 12-cv-06708-DDP-PJW

  (b) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

  (c) Stenographic employees, court reporters and videographers recording or transcribing testimony in this action;

  (d) Any mediators used to try to resolve the action;

  (e) An employee or agent of the Designating Party, but only insofar as such Attorneys Eyes Only Material is relevant to their testimony and disclosure is not otherwise prohibited by applicable law; and

  (f) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

  11. Prior to the Receiving Party providing Confidential Information to any person with access to Confidential Information that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Non-Disclosure Agreement, attached hereto as Exhibit A, to be bound by the terms of this protective order. These requirements do *not* apply to Confidential Information provided to the Court or to any Court personnel. Prior to the Receiving Party providing Attorneys Eyes Only Material to any person with access to Attorneys Eyes Only Material that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Attorneys Eyes Only Non-Disclosure Agreement, attached hereto as Exhibit B, to be bound by the terms of this protective order. These requirements do *not* apply to Attorneys Eyes Only Material provided to the Court or any Court personnel. The Receiving Party shall retain all executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order during the pendency of this litigation, either party may make a motion to request that the Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER   5.   Case No. 12-cv-06708-DDP-PJW

order production of the executed non-disclosure agreements to the Designating Party for good cause shown. Otherwise, these non-disclosure agreements are strictly confidential and are not subject to any discovery request while the action is pending. No more than thirty (30) calendar days after the end of litigation in the action as defined in paragraph 12 below, the Receiving Party shall provide copies of all executed non-disclosure agreements to the Designating Party.

12. The action is at an end when all of the following that are applicable occur: (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have concluded.

### Use of Confidential Information and Attorneys Eyes Only Material

13. Confidential Information and Attorneys Eyes Only Material shall be used solely and exclusively for preparing for and prosecuting this case, including any claims on behalf of the named plaintiff(s) and any putative class members pending the completion of the judicial process, including appeal. Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

14. Notwithstanding any other provisions in this protective order, nothing in this protective order shall restrict any party's counsel from rendering advice to its client(s) with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

15. If Confidential Information or Attorneys Eyes Only Material is used in any depositions taken in this matter, the original transcript of the deposition, and all

ORDER RE: STIPULATION FOR PROTECTIVE ORDER  6.  Case No. 12-cv-06708-DDP-PJW

copies thereof shall be stamped "Confidential" or "Attorneys Eyes Only." Testimony taken at a deposition may be designated as Confidential Information or Attorneys Eyes Only Material by making a statement to that effect on the record at the deposition, as to the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material. If any portions of the deposition transcript and/or video or audio versions of the depositions contain Confidential Information or Attorneys Eyes Only Material, or references thereto, they must be filed with the Court in compliance with paragraph 23 of the protective order.

16. A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

17. Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR
PROTECTIVE ORDER                    7.                    Case No. 12-cv-06708-DDP-PJW

deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information.

### Protection of Confidential Information and Attorneys Eyes Only Material

18. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and Attorneys Eyes Only Material and will limit access to Confidential Information and Attorneys Eyes Only Material only to the persons authorized by this protective order.

19. Any party who is served with a subpoena or other request for production of Confidential Information or Attorneys Eyes Only Material produced by the other party must immediately provide written notice of such subpoena or other notice to the Designating Party so as to afford the Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information or Attorneys Eyes Only Material. Upon receiving such notice, the Designating Party shall bear the burden of opposing, if it deems appropriate, the subpoena or request for production. In no event should production or disclosure be made without written approval by the Designating Party unless required by court order arising from a motion to compel production or disclosure of Confidential Information or Attorneys Eyes Only Material.

20. Unless otherwise ordered or agreed in writing by the parties, within ninety (90) days of the settlement or termination (as defined in paragraph 12) of this action, the parties must simultaneously exchange and surrender any Confidential Information or Attorneys Eyes Only Material, provided, however, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information that has become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

///

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER    8.    Case No. 12-cv-06708-DDP-PJW

### Non-Waiver of Privilege or Other Protective Doctrine By Inadvertent Disclosure

21. Inadvertent disclosure or production of or failure to designate any materials or information as "Confidential Information" or "Attorneys Eyes Only" shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the "Confidential Information" or "Attorneys Eyes Only" designation, nor shall it be deemed a waiver of confidentiality with regard to similar material.

### Challenges to Designation

22. Any party may challenge the propriety of the designation of Confidential Information or Attorneys Eyes Only Material pursuant to Local Rule 37. In accordance with Local Rule 37-1, prior to filing any motion asking the Court to make a determination as to the propriety of a designation the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. In the event that this conference of counsel does not resolve the dispute between the parties, the Receiving Party can bring a motion pursuant to Local Rule 37-2 to have the Court make a determination regarding the propriety of the disputed designation. As part of any such motion, if one or both parties wish to file the Joint Stipulation required by Local Rule 37-2 under seal, the parties will either file a stipulation to that effect or the moving party will file an ex parte application making the appropriate request. Any stipulation or ex parte application addressing why the Joint Stipulation or portions thereof should be filed under seal must set forth good cause.

### Filing Confidential Information or Attorneys Eyes Only Material

23. The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER    9.    Case No. 12-cv-06708-DDP-PJW

~~For all pretrial discovery and non-discovery-related motions, memorandum of law, certification, exhibit annexed thereto that contains Confidential Information shall be filed in accordance with Local Rule 79 by placing the original and judge's copy of the document in sealed separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.~~

24. Furthermore, if Confidential Information or Attorneys Eyes Only Material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal. This application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

25. All confidential information contained in documents designated as Confidential Information or Attorneys Eyes Only Material used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motion and sufficient cause shown. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

### Miscellaneous Provisions

26. It is expressly understood by and between the parties that in producing Confidential Information and/or Attorneys Eyes Only Material in this litigation, the parties are relying upon the terms and conditions of the protective order.

27. The parties can modify the terms of the protective order by written agreement or the Court may modify it through an order. The protective order shall

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER RE: STIPULATION FOR PROTECTIVE ORDER         10.         Case No. 12-cv-06708-DDP-PJW

1  continue in force until amended or superseded by express order of the Court, and shall
2  survive any final judgment or settlement of this action.

3  **IT IS SO ORDERED.**

4  Dated: 2/6/13

_____
HON. PATRICK J. WALSH
MAGISTRAE JUDGE OF THE
UNITED STATES DISTRICT COURT

ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.

This protective order does not authorize the parties to file documents under seal.

PJW

# EXHIBIT A

## Protective Order Acknowledgment and Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Abad v. Waste Connections, Inc. et al.* currently pending in the U.S. District Court for the Central District of California, Case No. 12-cv-06708. I certify that I am an appropriate person for receipt of Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so. By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

Dated: _____     _____
[Signature]

_____
[Print Name]

Case No. 12-cv-06708-DDP-PJW

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# EXHIBIT B

## Protective Order Acknowledgment and

## Attorneys Eyes Only Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Abad v. Waste Connections, Inc. et al.* currently pending in the U.S. District Court for the Central District of California, Case No. 12-cv-06708. I certify that I am an appropriate person for receipt of Attorneys Eyes Only Material and Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Attorneys Eyes Only Material and Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Attorneys Eyes Only Material and Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this action, I will promptly surrender all Attorneys Eyes Only Material and Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Attorneys Eyes Only Material and Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on following page]*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Case No. 12-cv-06708-DDP-PJW


By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this agreement.

Dated: _____   _____

[Signature]

_____

[Print Name]

Firmwide:117988137.1 051110.1063

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Case No. 12-cv-06708-DDP-PJW