O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JULIAN RAMIREZ ABAD as an
individual and on behalf of
all others similarly
situated,

                Plaintiff,

        v.

WASTE CONNECTIONS, INC.;
WASTE CONNECTIONS OF
CALIFORNIA, INC.; WASTE
CONNECTIONS MANAGEMENT
SERVICES, INC.,

                Defendants.
_____

) Case No. CV 12-06708 DDP (RZx)
)
) **ORDER GRANTING PLAINTIFF'S MOTION**
) **TO FILE A THIRD AMENDED COMPLAINT**
)
)
) [Dkt. No. 29]
)
)
)
)
)
)
)
)
)
)

     Presently before the court is Plaintiff Julian Ramirez Abad's

Motion to File a Third Amended Complaint. Having considered the

parties' submissions, the court adopts the following order.

**I. BACKGROUND**

     Plaintiff proposes to amend his Complaint by expressly

alleging that: (1)"holiday pay" should have been included in the

calculation of the regular rate of pay; (2) Defendants had an

unlawful meal period policy; (3) Defendants miscalculated meal

period premiums because they did not include bonuses; (4)Defendants

1   engaged in unlawful rounding;(5) Defendants inaccurately reported

2   overtime on wage statements.   Plaintiff also wishes to add

3   Francisco Amaya as a named Plaintiff; Defendants do not oppose

4   adding Amaya as a named Plaintiff.

5   **II. LEGAL STANDARD**

6       Federal Rule of Civil Procedure 15(a), which governs

7   requests for leave to amend pleadings, provides that the court

8   should "freely give leave when justice so requires."  Fed. R. Civ.

9   P. 15(a).  Leave to amend should be granted with "extreme

10  liberality" in order "to facilitate decision on the merits, rather

11  than on the pleadings or technicalities."  United States v. Webb,

12  655 F.2d 977, 979 (9th Cir. 1981).  Leave to amend should be freely

13  given unless the opposing party makes a showing of undue delay, bad

14  faith or dilatory motive, futility of amendment, or prejudice.

15  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ascon Props.,

16  Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989);

17  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951

18  (9th Cir. 2006).

19  **III. DISCUSSION**

20      Defendants Waste Connections, Inc., Waste Connections of

21  California, Inc., and Waste Connections Management Services, Inc.

22  (collectively "Waste Connections") oppose the Motion, arguing that

23  Abad's pleadings are "a moving target stemming from counsel's legal

24  fishing expedition."  (Opp. at 3, capitalization modified.)  Abad

25  responds that this accusation is "a red herring that is entirely

26  without merit."  (Reply at 2.) The court will not take the bait.

27  It is hooked on the principle that leave to amend should be granted

28  liberally and finds that Waste Connections' arguments do not fly.

2

1   The action is still in its early stages; no depositions have been

2   taken, there is no trial date, and the class certification deadline

3   is in mid-October.  Additionally, Abad's new allegations derive

4   from documents produced by Waste Connections in discovery in late

5   December 2012.

6       **A. Holiday Pay**

7       Abad seeks to allege expressly that holiday pay is a form of

8   non-discretionary pay that Defendants allegedly failed to include

9   in the regular rate of pay for overtime purposes.  Abad included

10  the phrase "other forms of pay" in the Second Amended Complaint

11  ("SAC"), and he asserts that the phrase comprises holiday pay but

12  seeks to amend because Defendants have apparently refused to

13  provide discovery into their holiday policy.  (Reply at 11.)

14      Waste Connections argues that the claim is futile because

15  holiday pay is statutorily excluded from the regular rate as a

16  matter of law.  Under the Fair Labor Standards Act, the regular

17  rate does not include "payments made for occasional periods when no

18  work is performed due to vacation, holiday, illness, . . . ."  29

19  U.S.C. § 207(e).  California uses the federal definition of regular

20  rate pay.  See Advanced-Tech Sec. Services, Inc. v. Superior Court,

21  77 Cal. Rptr. 3d 757, 762 (Ct. App. 2008); RJN Exh. A, Division of

22  Labor Standards Enforcement, Enforcement Policies and

23  Interpretations Manual, 49.1.2.

24      The court finds that Abad should be able to conduct discovery

25  on holiday pay and make the argument that it should be included in

26  the regular rate.  The label "holiday pay" is not dispositive.

27  Hart v. City of Alameda, No. C-07-5845 MMC, 2009 WL 1705612 at

28  *3(N.D. Cal. June 17, 2009)(holding that payments representing the

1   value of a year's holidays but paid over the course of the year,
2   rather than in the period when the holiday occurred, were not
3   payments "due to a holiday").  Abad asserts that Waste Connections'
4   "holiday policy" is not a true holiday policy because it requires
5   that an employee work both the day before and the day after the
6   holiday and therefore functions as an attendance bonus to encourage
7   employees to work through the holidays.  (Reply 5-6.)  Without
8   making any determination on the merits of this argument, the court
9   finds that Abad has shown that this amendment would not be futile.

10      Waste Connections also argues that Abad and Amaya do not have
11  standing to pursue such a claim because the holiday policy
12  submitted was the policy from Cold Canyon Landfill, but neither
13  Abad nor Amaya worked at that landfill.  Abad, however, submitted a
14  copy of the Holiday Policy in Spanish that he was provided and
15  which has the same requirements as the Cold Canyon Landfill Policy
16  that was attached.  (Abad Reply Decl. ¶ 2 & Exh. B.)  This is
17  sufficient to confer standing to pursue such a claim.

18      Additionally, Waste Connections argues that Abad delayed too
19  long in adding his holiday policy claim.  Abad responds that its
20  SAC encompasses the holiday pay claim in its "non-discretionary
21  incentive compensation" discovery request and that it chose to move
22  to add the claim only after unsuccessfully requesting discovery
23  from Waste Connections.  The court finds that there was no undue
24  delay in Abad's request.

25      Waste Connections argues, finally, that allowing this
26  amendment would be prejudicial because it will result in additional
27  discovery requests.  However, it has not provided any authority or
28  offered any rationale to support the notion that the burden of

1    additional discovery alone is sufficient prejudice to preclude

2    amendment.

3         The court therefore GRANTS Abad leave to amend the SAC to add

4    a claim for holiday pay.

5    **B. Meal Period Policy Claim**

6         Abad's new meal period policy claim seeks to allege that Waste

7    Connections has a facially unlawful meal period policy.  The claim

8    would allege that the meal period is unlawful because it states

9    that employees are entitled to a meal period "approximately between

10   their 4th and 6th hours worked."  (Haines Decl. ¶ 23, Exh. T,

11   Proposed TAC ¶ 34, quoting Defendant's Meal Policy, found at Haines

12   Decl. ¶ 18, Exh. O.)  This is allegedly in violation of California

13   law which requires that a meal period be provided "no later than

14   the end of an employee's fifth hour of work."  <u>Brinker Rest. Corp.</u>

15   <u>v. Superior Court</u>, 53 Cal. 4th 1004, 1041 (2012).

16        Abad and Waste Connections disagree on how to interpret the

17   meal policy language.  Waste Connections asserts that the policy is

18   facially lawful because it "refers to the time approximately after

19   the fourth hour and before the sixth hour."  (Opp. at 18.)  It

20   compares the language to making an appointment to meet "between" 8

21   a.m. and 10 a.m. and asserts that one would not expect to meet

22   after 10 a.m.  Thus, it argues, the time "between" the fourth and

23   sixth hours is approximately the fifth hour.  On this

24   interpretation, the meal policy appears to be lawful.

25        Abad argues that the policy is facially unlawful because it

26   allows meal periods to be commenced after the fifth hour.  He

27   distinguishes the meal policy language ("between the 4th and 6th

28   hours worked") from Defendants' analogy primarily based on the

"hours worked" language, which suggests that the sixth hour can have been worked and that the meal period can be taking during that sixth hour.  This would allow for a meal period subsequent to the fifth hour and would be unlawful.

Waste Connections asserts that this ambiguity is corrected by the Time Keeping Policy which states that the "meal period must start before you have completed five hours of work." (Martin Decl. ¶ 4, Exh. A.)  The court finds that this iteration of the policy is not ambiguous and is facially lawful, but that the Meal Break document is ambiguous and potentially facially unlawful. Determining which document governed meal periods and how the policy was interpreted is a matter for another stage of the case. Regardless, Abad has at this stage convinced the court that the amendment is not futile.

Waste Connections further asserts that Abad has delayed in raising the unlawful meal period policy allegations, claiming that he "knew or should have known whether he had late meal periods and why those late meal periods occurred, if at all." (Opp. at 19.) Abad points out that he has always made claims regarding meal period violations (SAC ¶¶ 32-37), and that this document was provided in discovery on December 27, 2012.  The court finds that there was not undue delay in raising the allegations.

The court GRANTS Abad leave to amend the SAC to include additional meal period allegations.

**C. Meal Period Miscalculation Allegations**

Abad proposes new allegations that meal period premiums were miscalculated because they were not paid at the regular rate. Waste Connections argues that Abad and Amaya lack standing to make

1    this claim because they were never owed or paid a meal period

2    premium, as documented on their time records. (Martin Decl. ¶ 5.)

3    However, even if time records indicate that they were not paid a

4    meal period premium, it may still have been owed to them if the

5    records were erroneous.  The court agrees with Abad that "the

6    allegation that Defendants failed to pay meal period premiums at

7    the correct rate of pay for meal periods that were not provided is

8    simply part and parcel of Plaintiff's already existing meal period

9    claim."  (Reply at 15.)

10        Waste Connections also argues that Abad failed to excuse his

11   delay in seeking to include this allegation.  Based on the

12   Declaration of Paul K. Haines, one of Abad's attorneys, it appears

13   that Abad was attempting to negotiate a stipulation on this issue

14   since at least early December.[1]  (Haines Decl. ¶ , Exh. I.)

15   Furthermore, Defendants have pointed to no prejudice from such

16   amendment.  The court therefore GRANTS Abad leave to amend the SAC

17   to add this claim.

18        **D. Rounding Claim**

19        Abad moves to add allegations that he was not paid for all

20   hours worked due to purported rounding.  Waste Connections argues

21   that Abad has failed to state a claim with this allegation because

22   rounding is lawful under California law.  See <u>See's Candy Shops,</u>

23

24        [1]At that time, Defendants appeared more amenable to this
     amendment.  (Haines Decl., Exh. I ("Since the meal period premiums
25   allegations are simply additional factual allegations related to
     the existing meal period premium allegations and already covered in
26   pleadings and discovery to date, Defendants will likely also allow
     that amendment provided we have an opportunity to review the exact
27   language.").)  While this statement does not bind Defendants, it
     reinforces the court's view that the amendment will not prejudice
28   Defendants.

1   _Inc. v. Superior Court_, 210 Cal. App. 4th 889, 901 (2012).

2   However, it is only lawful for "employers to use a rounding policy

3   for recording and compensating employee time as long as the

4   employer's rounding policy does not consistently result in a

5   failure to pay employees for time worked." _Id._ at 901 (internal

6   citation, alterations, and quotation marks omitted).  Because Abad

7   asserts that rounding is used only to shave time off, and not to

8   add time, he has stated a claim for rounding of the unlawful

9   variety.

10      Waste Connections also argues that Abad delayed in making this

11  allegation. However, since Abad was provided his time records on

12  December 27, 2012, (_see_ Haines Decl. ¶ 18), and since this was the

13  only way he would know that his hours were being rounded, the court

14  finds that there was no undue delay.

15      The court GRANTS Abad leave to add this allegation.

16  **E. Bonus Overtime on Wage Statements Allegations**

17      Abad seeks to add new allegations to his Complaint related to

18  Waste Connections' alleged failure to provide wage statements when

19  it paid overtime on bonuses.  Abad concedes that he does not have

20  standing to pursue this claim. (Mot. at 3.)  Waste Connections

21  does not object to the addition of Amaya as a named plaintiff, and

22  the parties agree that Amaya has standing to make these claims.

23  The parties disagree on the date for the statute of limitations.

24  Defendants argue that the amendment date should set the time period

25  for this claim, whereas Abad argues that Amaya's claims should

26  relate back to the filing date of the original Complaint (May 10,

27  2012) or at least to January 15, 2013, since the parties stipulated

28

1  that Amaya's PAGA claims would be tolled from that date until March

2  28, 2013.

3      Under Ninth Circuit law, "[a]n amendment adding a party

4  plaintiff relates back to the date of the original pleading only

5  when: 1) the original complaint gave the defendant adequate notice

6  of the claims of the newly proposed plaintiff; 2) the relation back

7  does not unfairly prejudice the defendant; and 3) there is an

8  identity of interests between the original and newly proposed

9  plaintiff." Immigrant Assistance Project of L.A. Cnty. Fed'n of

10 Labor (AFL-CIO) v. INS, 306 F.3d 842, 857 (9th Cir. 2002)(quoting

11 Rosenbaum v. Syntex Corp., 95 F.3d 922, 935 (9th Cir. 1996)).

12     **1. Notice**

13     Waste Connections argues that it did not have adequate notice

14 of the proposed claim in the original Complaint. The court

15 disagrees.  The original Complaint put Waste Connections on notice

16 of Abad's allegations that it failed to indicate overtime pay on

17 wage statements in a lawful manner. (See, e.g., Compl. ¶ 45

18 (alleging that Defendants "failed to furnish [Abad] and members of

19 the WAGE STATEMENT CLASS with accurate and complete wage statements

20 regarding, among other things, their regular rates of pay, rates of

21 overtime pay, number of hours worked at each corresponding rate of

22 pay, total gross wages earned, and total net wages earned in

23 violation of Labor Code § 226").)  Amaya now alleges that

24 Defendants issued "payments for wages denominated as 'BONUS OT' and

25 other similar payments, which purportedly represent overtime wages

26 paid on a bonus, for which the wage statements they received failed

27 to reflect the hours for which the overtime was intended to

28 compensate or the applicable rates of pay." (Mot. at 9.)  The

original claims put Defendants on notice as to the alleged
deficiency of their wage statements with respect to overtime
payments and thus gave them adequate notice of Amaya's similar
claim.

### 2. Prejudice

Waste Connections has not demonstrated prejudice and does not
object to the addition of Amaya.

### 3. Identity of Interests

Because Amaya is a member of the class represented by Abad,
there is an identity of interests.  Waste Connections has not
argued otherwise.

The court therefore GRANTS leave to amend and finds that this
allegation should relate back to the filing date of the original
Complaint (May 10, 2012).

### F. Statute of Limitations

Waste Connections argues that these claims do not relate back
because they are new, distinct theories of which Waste Connections
received no notice in the original Complaint.  "An amendment to a
pleading relates back to the date of the original pleading when: .
. . the amendment asserts a claim or defense that arose out of the
conduct, transaction, or occurrence set out – or attempted to be
set out - in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).
Here, Abad is not adding new claims, but instead adding factual
allegations and theories of liability in support of the claims he
already pled.  Waste Connections asserts that it did not have
notice of the amendments in the original Complaint and that
therefore they do not relate back, but some of the claims, such as
the holiday pay claims, are arguably implicit in the original

1   claims, and in any case appear to arise out of the "conduct,

2   transaction, or occurrence" set out in the original Complaint.

3   While claims regarding holiday pay, rounding, or overtime on bonus

4   are factually distinct from the original allegations, they arise

5   from the same core of allegations as the original pleadings,

6   namely, the alleged failure of Defendants to pay employees their

7   due.  The court finds that the amendments relate back to the

8   original Complaint and should have the same statute of limitations

9   as the original allegations.

10   **IV. CONCLUSION**

11        For the reasons stated above, the court GRANTS the Motion.

12   Abad shall file an amended Complaint within fourteen days of this

13   order.

14   IT IS SO ORDERED.

15

16

17   Dated: March 20, 2013

18                                DEAN D. PREGERSON

                               United States District Judge

19

20

21

22

23

24

25

26

27

28